UNITED STATES OF AMERICA
MERIT SYSTEMS PROTECTION BOARD

LORI CHRISTIAN,
          Appellant,

       v.

DEPARTMENT OF VETERANS
   AFFAIRS,
          Agency.

DOCKET NUMBER
PH-0752-22-0289-I-1

DATE:  September 10, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Aaron D. Wersing, Esquire, and Jacquelyn Trevino, Esquire,
   Houston, Texas, for the appellant.

Craig Allen Komorowski, Esquire, Huntington, West Virginia,
   for the agency.

## BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member*

*Member Kerner did not participate in the adjudication of this appeal.

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed her involuntary resignation appeal for failure to prosecute.  For the

---

[1]  A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  See 5 C.F.R. § 1201.117(c).

reasons set forth below, the appellant's petition for review is DISMISSED as untimely filed without good cause shown. 5 C.F.R. § 1201.114(e), (g).

## BACKGROUND

¶2 On July 28, 2022, the appellant filed a Board appeal alleging that her June 28, 2022 resignation had been involuntary. Initial Appeal File (IAF), Tab 1 at 4. She requested a hearing on the matter. *Id.* at 2. On July 29, 2022, the administrative judge ordered the appellant to file evidence and argument regarding Board jurisdiction within 15 days. IAF, Tab 2 at 3. Thereafter, on August 15, 2022, the administrative judge issued a show cause order indicating that the appellant had failed to respond and cautioning that repeated failures to follow Board orders could result in a dismissal for failure to prosecute. IAF, Tab 4 at 1. On this same date, the appellant, through counsel Aaron D. Wersing, filed a response to both the show cause order and the jurisdictional order, arguing, among other things, that the jurisdictional response was timely filed.[2] IAF, Tab 5 at 4-10.

¶3 On November 30, 2022, December 9, 2022, and December 14, 2022, the administrative judge issued orders scheduling telephonic status conferences; however, the appellant failed to appear for all three conferences. IAF, Tab 16 at 1; Tab 17 at 1; Tab 18 at 1; Tab 19, Initial Decision (ID) at 2. As a result, on two additional occasions, the administrative judge cautioned the appellant that repeated failures to follow Board orders could result in dismissal for failure to prosecute. IAF, Tab 17 at 1, Tab 18 at 1. On December 20, 2022, without holding the appellant's requested hearing, the administrative judge issued an initial decision dismissing the appeal for failure to prosecute. ID at 1, 3. The

---

[2] Although not material to the outcome of this appeal, we clarify that the appellant was correct regarding the timeliness of the jurisdictional response; indeed, Board regulations provide that if, as here, the date that ordinarily would be the last day for filing falls on a Saturday, Sunday, or Federal holiday, the filing period will include the first workday after that date. 5 C.F.R. § 1201.23.

initial decision stated that the decision would become final on January 24, 2023, unless a petition for review was filed by that date.  ID at 3.

¶4  On March 28, 2023, the appellant filed a petition for review with the Board. Petition for Review (PFR) File, Tab 1.  The petition, which was electronically filed by Mr. Wersing, *id.* at 1, 11, provided the following explanation for the untimeliness of the filing in the online interview section:

> From what I can tell, it appears that the MSPB did not receive, or did not process, the Designation of Representative for Attorney Jacquelyn Trevino who was Appellant's representative and whose designation was mailed to the MSPB.  Ms. Trevino and I became aware of the decision earlier this month when Appellant contacted us regarding the decision, and immediately began preparing a petition for review regarding timeliness.

*Id.* at 3.[3]

¶5  The body of the petition for review, which is signed by Ms. Trevino, *id.* at 10, asserted, among other things, that the law firm retained by the appellant had internally assigned this appeal to Ms. Trevino, *id.* at 5.  The petition stated that Ms. Trevino had filed a designation of representative form "by mail as the MSPB Portal does not accept this filing electronically."  *Id.*  It also averred that Ms. Trevino had been in contact with agency counsel during the pendency of the appeal before the administrative judge and had worked with agency counsel on discovery matters.  *Id.* at 5-6.  The petition contended that Ms. Trevino was unaware of the administrative judge's status conference-related orders, and that neither the administrative judge nor agency counsel had telephoned her regarding the same.  *Id.* at 6, 9.  With the petition, the appellant's counsel provided, among other things, a declaration from Ms. Trevino submitted under penalty of perjury. *Id.* at 14-15.  In her declaration, Ms. Trevino indicated that she had "researched, drafted and filed a response on the jurisdiction in this matter on August 18,

---

[3] This section of the petition for review asked the appellant's counsel whether he declared, under the penalty of perjury, that the facts asserted regarding the timeliness of the petition for review were true and correct.  PFR File, Tab 1 at 4.  Counsel answered this question in the negative.  *Id.*

2022,"[4] and that she had mailed a copy of her designation of representative form to the Board on August 30, 2022. *Id.* at 14-15. Also, attached to the petition for review was a copy of a designation of representative signed by Ms. Trevino, dated August 30, 2022, but no certificate of service indicating the method of service upon the Board or opposing counsel was provided. *Id.* at 12.

¶6      Thereafter, the Office of the Clerk of the Board notified the appellant that her petition for review was untimely and explained that the Board's regulations require that a petition for review that appears to be untimely filed be accompanied by a motion to accept the filing as timely or to waive the time limit for good cause. PFR File, Tab 2 at 1-2. The appellant did not submit any additional filings.

¶7      The agency has responded to the appellant's petition for review, arguing that it is untimely filed with no good cause shown and that the appellant has not presented a basis for disturbing the initial decision. PFR File, Tab 3 at 4-11. The agency contends, among other things, that Ms. Trevino could have registered as an e-filer but elected not to do so and, in any event, over 4 months passed between Ms. Trevino's alleged mailing of the designation of representative form and the issuance of the initial decision. *Id.* at 4 n.1. The agency also asserts that Mr. Wersing never withdrew as the appellant's designated representative. *Id.* at 4 & n.1.

## DISCUSSION OF ARGUMENTS ON REVIEW

<u>The appellant's petition for review was untimely filed.</u>

¶8      A petition for review must be filed within 35 days after the issuance of the initial decision, or, if the petitioner shows that she received the initial decision more than 5 days after the date of the issuance, within 30 days after the date she received the initial decision. 5 C.F.R. § 1201.114(e). Here, the initial decision

---

[4] As indicted above, the appellant's jurisdictional response was filed on August 15, 2022; however, this document was electronically submitted, and signed, by Mr. Wersing. IAF, Tab 5 at 1, 10-11.

was issued on December 20, 2022, and electronically sent to both the appellant and her designated representative, Mr. Wersing, the same day.  ID at 1; IAF, Tab 20 at 1.

¶9    Here, Mr. Wersing has asserted that he does not know when he received a copy of the initial decision and that he was unaware that the initial decision had been issued until the appellant contacted him on an unspecified date in March 2023.  PFR File, Tab 1 at 3.  However, as a registered e-filer, Mr. Wersing consented to accept electronic service of pleadings filed by other registered e-filers and documents issued by the Board.  *See* 5 C.F.R. § 1201.14(e)(1) (2022).[5]  A registered e-filer must, among other things, monitor case activity in e-Appeal to ensure that he has received all case-related documents.[6]    5 C.F.R.  § 1201.14(j)(3) (2022).    Board documents served electronically on registered e-filers are deemed received on the date of electronic submission.  5 C.F.R. § 1201.14(m)(2) (2022).  The appellant is therefore deemed to have received the initial decision on December 20, 2022; accordingly, the petition for review is untimely by approximately 2 months.  PFR File, Tab 1; *see* 5 C.F.R. § 1201.114(e).

The appellant has not established good cause for the filing delay.

¶10    The Board will waive the time limit for filing a petition for review only upon a showing of good cause for the delay in filing.  5 C.F.R. § 1201.114(g).  To establish good cause for an untimely filing, the appellant must show that she exercised due diligence or ordinary prudence under the particular circumstances

---

[5] The Board's regulation regarding electronic filing procedures, 5 C.F.R. § 1201.14, was amended on October 2, 2023, i.e., while the petition for review was pending before the Board.  These amendments are not material to the outcome of this appeal.

[6] In the petition for review, appellant's counsel concedes that an internal law firm review revealed that Mr. Wersing had received notices regarding the instant appeal. PFR File, Tab 1 at 10 n.2; *see* 5 C.F.R. § 1201.14(j)(1) (2022) (explaining that when the Board issues documents in a particular appeal, the e-filers for that appeal receive email messages notifying them of the issuance).  Counsel asserts that, because Mr. Wersing was not internally assigned the case, he "did not go through the internal procedure to schedule and docket."  PFR File, Tab 1 at 10 n.2.

of the case. *Alonzo v. Department of the Air Force*, 4 M.S.P.R. 180, 184 (1980). In determining whether there is good cause, the Board considers the length of the delay, the reasonableness of the excuse and showing of due diligence, whether the appellant is proceeding pro se, and whether she has presented evidence of the existence of circumstances beyond her control that affected her ability to comply with the time limits or of unavoidable casualty of misfortune that similarly shows a causal relationship to her inability to file a timely petition. *See Wyeroski v. Department of Transportation*, 106 M.S.P.R. 7, ¶ 7, *aff'd*, 253 F. App'x 950 (Fed. Cir. 2007).

¶11      Here, we do not find good cause for the untimely filing of the appellant's petition for review. To this end, the appellant was represented by counsel and the 2-month filing delay is significant. *See, e.g., Floyd v. Office of Personnel Management*, 95 M.S.P.R. 260, ¶ 6 (2003) (finding a 1-month delay not minimal). We have considered all of the arguments presented by the appellant's counsel on review; however, we find that none constitute good cause for the filing delay. To the extent Mr. Wersing no longer intended to represent the appellant before the Board in this matter, he could have withdrawn as her representative; however, he did not do so and continued to receive service of pleadings. Indeed, as indicated, he filed the petition for review in this matter. PFR File, Tab 1 at 1, 11. To the extent Ms. Trevino intended to become the sole representative for the appellant in August 2022, she fails to explain why she did not contact the Board until March 2023, despite not having received service of any Board pleadings.[7] Lastly,

---

[7] We have considered appellant's counsel's argument that agency counsel should have performed "his duty of candor" to inform the administrative judge that he had been in contact with Ms. Trevino or tell appellant's counsel that the judge was looking for them. PFR File, Tab 1 at 10 n.3. We have also considered that agency counsel did not state in his response to the appellant's petition for review whether he had received Ms. Trevino's notice of appearance, PFR File, Tab 3, and thus, we find it more likely than not that Ms. Trevino served agency counsel with such notice. However, even assuming that agency counsel did not disclose his contact with Ms. Trevino to the tribunal and further assuming he had such a duty to do so, the fact remains that Mr. Wersing remained as counsel, was served, and failed to respond to the administrative judge's orders.

to the extent counsel argues that an internal case reassignment precipitated the filing delay, we find counsel's argument unavailing. *See Philpot v. Office of Personnel Management*, 9 M.S.P.R. 554, 555 (1982) (agreeing with the presiding official's determination that counsel had not shown good cause for an untimely filing when counsel alleged that the delay had been precipitated by, among other things, the attorney who had previously handled the appellant's case departing from counsel's law firm). Simply put, Mr. Wersing's decision to "not go through the internal procedure to schedule and docket," does not constitute good cause under the circumstances. Thus, we find that the appellant's counsel did not exercise due diligence under the circumstances.[8]

¶12 Accordingly, we dismiss the petition for review as untimely filed. This is the final decision of the Merit Systems Protection Board regarding the timeliness of the petition for review. The initial decision remains the final decision of the Board regarding the involuntary resignation appeal.

## NOTICE OF APPEAL RIGHTS[9]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should

---

[8] The appellant is responsible for the errors of her chosen representatives. *See Reaves v. Department of Veterans Affairs*, 92 M.S.P.R. 352, ¶ 7 (2002); *see also Graham v. Department of the Army*, 47 M.S.P.R. 38, 40 (1991) (explaining that an appellant has an affirmative duty to monitor the progress of an appeal and to ensure that it is timely filed).

[9] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) <u>Judicial review in general</u>**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2)** **Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative receives this decision</u>. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[10]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(B).

---

[10] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx

FOR THE BOARD:       _Gina K. Grippando_

_____

Gina K. Grippando
Clerk of the Board

Washington, D.C.